UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER BRADY HOWARD,

    Plaintiff,

    v.

DEPARTMENT OF CORRECTIONS,

    Defendants.

Case No. C07-5600 RJB/KLS

ORDER TO SHOW CAUSE

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis*. Before the Court for review is Plaintiff's proposed civil rights complaint in which Plaintiff names the Department of Corrections as Defendant. (Dkt. # 1). Plaintiff has brought this action under 42 U.S.C. § 1983, but appears to challenge the validity of a 2007 violations sanction which he claims has resulted in his confinement past his release date. The Court finds that Plaintiff must show cause why his complaint should not be dismissed for failure to state a claim under 42 U.S.C. § 1983.

**I. DISCUSSION**

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the

ORDER - 1

conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams,* 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

A Section 1983 plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id*.

Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id*. If the court concludes that the

ORDER - 2

challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting Edwards v. Balisok*, 520 U.S. 641 (1997)).

In this case, Plaintiff asks that the Court grant him relief in the form of an injunction and compensatory damages for the 142 days that he was confined past his release date. (Dkt. # 4, p. 4). As Plaintiff is challenging his continuing confinement, then it appears his challenge must be brought as a petition for a writ of habeas corpus and not as a complaint under § 1983. If Plaintiff wishes to challenge the conditions of his confinement, he must set forth sufficient allegations to state a claim under § 1983.

Plaintiff names only the Department of Corrections. Plaintiff must set forth facts describing when and where and by whom he was deprived of a constitutional right relating to the terms of his confinement other than being held past his release date. Plaintiff must include factual allegations describing how each individual; as opposed to the Department of Corrections, caused or personally participated in causing him the harm that he claims he suffered.

Accordingly, it is **ORDERED**:

1. Plaintiff shall show cause why this complaint should not be dismissed. A response is due by **January 18, 2008.** If Plaintiff fails to file a response or the response shows the Plaintiff cannot go forward the Court will enter a report and recommendation that the Complaint be dismissed.

2. The Court Clerk is directed to send a copy of this Order to Plaintiff.

DATED this 20th day of December, 2008.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3